MICHIGAN NATIONAL BANK v LASKOWSKI

Docket No. 199082. Submitted January 6, 1998, at Detroit. Decided March 20, 1998, at 9:15 A.M. Leave to appeal sought.

Michigan National Bank brought an action in the Oakland Circuit Court against Michael J. Laskowski, seeking enforcement of a personal guarantee of repayment that the defendant had executed for a loan extended by the plaintiff to Traditions, Ltd. The court, Robert L. Templin, J., granted summary disposition for the plaintiff, rejecting the defendant's contentions that the personal guarantee was extinguished when the plaintiff agreed to a bankruptcy reorganization of Traditions, Ltd., and that a genuine issue of material fact existed with regard to whether the defendant had intended his guarantee to apply to another loan only. The defendant appealed.

The Court of Appeals *held*:

1. The discharge of a debtor in bankruptcy does not automatically discharge the obligation of a guarantor. The discharge of a guarantee, when accepted and confirmed as an integral part of reorganization, is not precluded by the Bankruptcy Code. In this case, the reorganization plan that the plaintiff approved did not include as an integral part a release of the defendant's personal guarantee.

2. Integration clauses in the promissory note and personal guarantee signed by the defendant stating that the writings constituted the entire agreement between the parties precludes parol evidence offered by the defendant to show that he had told a loan officer that his personal guarantee was to apply to another loan only. The trial court did not err in granting summary disposition for the plaintiff.

Affirmed.

1. DEBTOR AND CREDITOR — BANKRUPTCY — PERSONAL GUARANTEES — BANKRUPTCY REORGANIZATIONS OF DEBTORS.

A loan guarantor's obligation is not automatically discharged upon the creditor's approval of a bankruptcy reorganization plan for the debtor; although § 524 of the Bankruptcy Code has typically been interpreted to preclude release of guarantors, the statute does not preclude the discharge of a guarantee when the discharge has been

accepted and confirmed as an integral part of the reorganization (11 USC 524[e]).

2. CONTRACTS — MERGER OR INTEGRATION.

Evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting a writing when the contracting parties have expressed their intention that the writing constitute the complete and accurate integration of the contract.

*Douglas C. Bernstein,* for the plaintiff.

*Evans & Luptak, P.L.C.* (by *Patrick A. Moran* and *Holly B. Safronoff*), for the defendant.

Before: KELLY, P.J., and HOOD and GRIBBS, JJ.

GRIBBS, J. Defendant appeals as of right from the trial court's order granting plaintiff's motion for summary disposition. We affirm.

Plaintiff loaned Traditions, Ltd. $350,000 for business purposes after defendant, who is president and sole shareholder of Traditions, personally guaranteed repayment of the loan. Traditions filed for Chapter 11 bankruptcy protection, which eventually was converted to a Chapter 7 proceeding, after Traditions defaulted under the plan for reorganization. Plaintiff was able to collect some portion of the loan after liquidation. Plaintiff sought to hold defendant personally liable for the remaining obligation. Defendant refused to tender payment, and plaintiff initiated the present lawsuit. After a hearing on plaintiff's motion for summary disposition, the trial court determined that there was no question of fact that defendant's personal guarantee applied to the $350,000 loan and that defendant's guarantee was not extinguished by the bankruptcy court's plan for reorganization.

On appeal, a trial court's grant of summary disposition is reviewed de novo. This Court must review the record to determine whether plaintiff was entitled to judgment as a matter of law. *Borman v State Farm Fire & Casualty Co*, 198 Mich App 675, 678; 499 NW2d 419 (1993). A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993). Giving the benefit of doubt to the nonmovant, this Court must determine whether a record might be developed that will leave open an issue upon which reasonable minds could differ. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 618; 537 NW2d 185 (1995).

Defendant argues on appeal that any personal obligation to repay Traditions' loan was extinguished by the bankruptcy court's plan of reorganization. We disagree.

The discharge of a debtor in bankruptcy does not discharge the obligations of guarantors. *In re Lowenschuss*, 67 F3d 1394, 1401 (CA 9, 1995); *In re American Hardwoods, Inc*, 885 F2d 621, 626 (CA 9, 1989); *Union Carbide Corp v Newboles*, 686 F2d 593, 595 (CA 7, 1982). Moreover, "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." 11 USC 524(e). This section of the 1978 Bankruptcy Reform Act was a reenactment of § 16 of the 1898 act, which stated that "[t]he liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt." *Underhill v Royal*, 769 F2d 1426, 1432 (CA 9, 1985). Only relationships between debtors and their creditors can be affected by the

bankruptcy court. The bankruptcy court cannot affect the obligations of guarantors. *Id.*

A discharge in bankruptcy arises by operation of federal law and not by the consent of the obligor's creditors. *Union Carbide Corp, supra* at 595. The consent to a reorganization plan by a creditor cannot be deemed an act with significance beyond the confines of the bankruptcy proceeding. *Id.* Because a majority of creditors must approve the debtor's plan in order for the court to discharge the debtor's obligations, one creditor's approval or disapproval will have no effect on the outcome. *Id.* The mechanics of administering the federal bankruptcy laws, no matter how suggestive, do not function as a private contract established to discharge codebtors of the bankrupt from their obligations. *Id.* However, some courts have found consensual and noncoercive releases to be in accord with the strictures of the Bankruptcy Code. *In re Specialty Equipment Co, Inc,* 3 F3d 1043, 1047 (CA 7, 1993); *In re AOV Industries, Inc,* 253 US App DC 186; 792 F2d 1140 (1986). In *Republic Supply Co v Shoaf,* 815 F2d 1046 (CA 5, 1987), the court acknowledged that § 524 has typically been interpreted to preclude release of guarantors by a bankruptcy court, but the court noted that the statute does not preclude the discharge of a guarantee when it has been accepted and confirmed as an integral part of reorganization. *Id.* at 1050.

In the case at bar, plaintiff did approve the second reorganization plan for Traditions, Ltd. and the bankruptcy court confirmed the agreement. However, defendant's guarantee was not expressly released in the second reorganization plan. While terms relating to the retention of defendant's personal guarantee in

the plan for reorganization were conflicting, article 4 of the second amended plan for reorganization expressly retained plaintiff's right to hold defendant accountable for the guarantee. The discharge of the guarantee was not an integral part of the plan for reorganization. It was not the clear intention of both parties to bargain away plaintiff's right to seek payment from defendant personally. Because the discharge of a debtor in bankruptcy does not automatically discharge the obligations of guarantors and the consent to a reorganization plan does not in itself eliminate a cause of action against guarantors, plaintiff was entitled to payment from defendant pursuant to the guaranty.

Defendant also argues that the trial court erred in granting plaintiff's motion for summary disposition because there was an issue of fact whether the $350,000 loan was subject to defendant's personal guarantee. Defendant relies on conversations he allegedly had with the loan officer to assert that his guarantee applied only to a loan in the amount of $150,000, which ultimately was never completed by the parties.

Under ordinary contract principles, if the language of a contract is clear and unambiguous, its construction is a question of law for the court. *Meagher v Wayne State Univ*, 222 Mich App 700, 721; 565 NW2d 401 (1997). Contract language should be given its ordinary and plain meaning. *Id.* at 722. When two parties have entered into a written contract and have expressed their intention that the writing constitute the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be

admitted for the purpose of varying or contradicting the writing. *NAG Enterprises, Inc v All State Industries, Inc*, 407 Mich 407, 409-410; 285 NW2d 770 (1979) (citing 3 Corbin on Contracts, § 573).

In the case at bar, there is evidence that the parties intended that their written contracts fully represent their entire agreement. The promissory note signed by defendant on August 25, 1994, for the $350,000 loan stated that the note was secured by a guarantee, a security agreement, a loan agreement, and an addendum to the business loan agreement dated August 25, 1994. Defendant signed the guarantee agreement on August 25, 1994, which agreement stated that as the guarantor, defendant unconditionally guaranteed to plaintiff full and prompt payment of *all* indebtedness of the borrower (Traditions) that was due or would become due. Defendant also agreed that the terms and provisions of the contract were to constitute the entire agreement with plaintiff and no other agreements, written or oral, would modify or supplement the written contract.

The business loan agreement dated August 25, 1994, referenced the $150,000 and the $350,000 loans, but indicated that only the $350,000 loan was completed. Once again, defendant was listed as the guarantor of Traditions' loans and indebtedness. This agreement also stated that the writings constituted the entire agreement and that there were no other agreements expressed or implied.

Through his affidavit, defendant attempts to establish the existence of an independent oral agreement that contradicts the terms and provisions of the parties' written contracts in order to escape liability as the guarantor of the $350,000 loan. Because the terms

of the guarantee and loan documents unambiguously obligated defendant to repay the loan upon default of Traditions, we find that the trial court did not err in refusing to consider the parol evidence contained in defendant's affidavit. *Meagher, supra* at 722. Accordingly, the court properly granted summary disposition in favor of plaintiff.

Affirmed.