# STATE OF MICHIGAN

# COURT OF APPEALS

---

FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, PC a/k/a FIEGER & FIEGER, PC,

    Plaintiff-Appellant,

v

REBECCA S. WALSH,

    Defendant-Appellee.

UNPUBLISHED
November 13, 2014

No. 317023
Oakland Circuit Court
LC No. 2012-131126-CK

---

Before: WHITBECK, P.J., and FITZGERALD and MURRAY, JJ.

PER CURIAM.

In this action involving a contractual dispute, plaintiff appeals as of right from the trial court's opinion and order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

Defendant was formerly employed as an attorney for plaintiff law firm. In September 2003, defendant executed a one-page employment agreement that read in its entirety as follows:

## FIEGER, FIEGER, KENNEY & JOHNSON, P.C.

### Condition of Employment

For the valuable consideration of continued employment by Fieger, Fieger, Kenney & Johnson, P.C. [hereinafter referred to as "the Firm"] it is hereby agreed, acknowledged, and understood by the Undersigned, as a specific condition of the continued employment of the Undersigned by the Firm, that every case [including but not limited to, the files, papers, documents, work product, charts, x-rays, records and all other tangible material] not brought into the office by the Undersigned or not referred to the Undersigned, is the valuable property of the Firm. The term "not brought into the office" refers to any cases in which the initial client contact with the Firm is the result of a referral by another attorney to the Firm, a client's making direct contact with the Firm, a client's making indirect contact with the Firm through a third person, or any other means by which the client originally initiates contact with the Firm other than by contacting the Undersigned in a role other than as an attorney for the Firm.

-1-

The Undersigned further agrees, acknowledges and understands that as a specific condition of employment by the Firm, *in the event that the Undersigned should leave the Firm's employ and should take with him/her any case not brought into the Firm by the Undersigned,* or not referred directly to the undersigned, or if the undersigned shall receive monies on a Firm file outside the Firm's normal and regular compensation mechanisms, *he/she shall have converted property of value belonging to the Firm.*

*In order to avoid time-consuming litigation in such event*, and as consideration for the continued employment with the Firm, the Undersigned agrees, acknowledges and understands that *under such circumstances the Undersigned shall be indebted immediately thereupon to the Firm for the damages caused, and that such damages shall be construed to be liquidated as One Hundred Fifty Thousand Dollars ($150,000.00) per case and Ninety-Five percent (95%) of all attorney fees generated by each such case*.

The Undersigned further agrees, acknowledges and understands that such a taking would be an intentional act, and thus, said debt would not be dischargeable under the bankruptcy laws of the United States. [Emphasis added.[1]]

On October 12, 2010, Robert and Catherine Henderson executed a contingency fee agreement with plaintiff for legal representation with respect to a September 16, 2010 automobile accident. Plaintiff assigned the Hendersons' case to defendant. On April 26, 2011, defendant left plaintiff's employ, and on May 20, 2011, the Hendersons terminated plaintiff's representation. At about the same time, the Hendersons hired defendant's new law firm. Defendant continued to represent the Hendersons in this Wayne Circuit Court action until the case was settled in August 2012 for about $2.5 million.

After the settlement, defendant filed a motion in Wayne Circuit Court to determine the amount of attorney fees to which plaintiff was entitled for its representation before May 20, 2011. On November 16, 2012, the Wayne Circuit judge entered an order awarding plaintiff $15,000 in attorney fees on the basis of quantum meruit.

On December 14, 2012, plaintiff filed its complaint against defendant in Oakland Circuit Court seeking liquidated damages for breach of the employment agreement. Plaintiff argued that defendant breached the plain language of the employment agreement by taking the Hendersons' case after she left its employ on April 26, 2011. In response, defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). Defendant argued that there was no breach because she did not take the Hendersons' file with her when she left plaintiff's employ. Defendant alternatively argued that the employment agreement was void as contrary to public

---

[1] According to the accompanying memorandum, the employment agreement was informally labeled a "Poison Pill Agreement."

policy, that the instant action was barred by res judicata or collateral estoppel, or both, and that the instant action constituted an impermissible collateral attack on the Wayne County order.

The trial court granted defendant's motion pursuant to MCR 2.116(C)(10), stating that "[t]he evidence demonstrates that Defendant did not take the Henderson case with here [sic] when she left Plaintiff's employ." The trial court explained that the employment agreement did not "apply to attorneys who leave the firm and are thereafter retained to represent a client on a former firm case." The trial court declined to address defendant's remaining arguments.

On appeal, plaintiff argues that the trial court erred in concluding that the employment agreement did not apply to the facts of this case. Specifically, plaintiff argues that the language "in the event that the Undersigned should leave the Firm's employ and should take with him/her any case not brought into the Firm by the Undersigned" applies to situations when a departing attorney takes a client's case after leaving the firm.

We review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). Such a motion tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). In deciding the motion, the trial court "must consider the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Id*. Summary disposition is warranted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Greene v A P Products, Ltd*, 475 Mich 502, 507; 717 NW2d 855 (2006).

We also review de novo issues of contract construction. *Rossow v Brentwood Farms Dev, Inc*, 251 Mich App 652, 658; 651 NW2d 458 (2002). "In interpreting a contract, it is a court's obligation to determine the intent of the parties by examining the language of the contract according to its plain and ordinary meaning." *In re Egbert R Smith Trust*, 480 Mich 19, 24; 745 NW2d 754 (2008). When the contractual language is unambiguous, it must be enforced as written because it expresses the parties' intent as a matter of law. *Id*.

The trial court correctly concluded that the undisputed evidence showed that defendant did not breach the plain terms of the employment agreement. " 'Take' means 'to get into one's hands or possession by voluntary action.' " *Rambin v Allstate Ins Co*, 495 Mich 316, 332; 852 NW2d 34 (2014), quoting *Random House Webster's College Dictionary* (1996). "With" is defined in relevant part as "accompanied by; accompanying." *Random House Webster's College Dictionary* (1997). Thus, the words "take with" refer to those instances in which a departing attorney gets a case into his or her hands by accompanying that case from the firm. The word "with," in other words, limits the scope of cases that a departing attorney may not "take" from plaintiff. Under the plain language of the employment agreement, a departing attorney may not voluntarily accompany a case from plaintiff law firm.

The evidentiary record undisputedly shows that defendant did not voluntarily accompany the Hendersons' case from the law firm at any time before, during, or after her employ. Both Robert Henderson and defendant averred in their respective affidavits that Robert Henderson sought out defendant after she left plaintiff's employ. Robert Henderson, in essence, delivered

-3-

the case to defendant from plaintiff, and only after plaintiff informed Henderson that defendant was no longer employed by the firm. Defendant did not "accompany" the case from the law firm, i.e., she did not take it with her when she left plaintiff's employ, even if the case may have later entered her hands by voluntary action. Nor did defendant seek out the Hendersons in an attempt to obtain the case. Plaintiff has presented no evidence to suggest otherwise, and its failure to do so means that the trial court properly granted the motion for summary disposition under MCR 2.116(C)(10). See *Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996).[2]

We therefore conclude that defendant did not breach the plain, unambiguous language of the employment agreement because the Hendersons' case entered her hands as a result of Robert Henderson contacting her after she left plaintiff's employ. The critical material facts were the point in time when defendant first started representing the Hendersons through her new law firm, and how the Hendersons' case entered her hands. The Hendersons' case did not enter defendant's hands by her accompanying the case from plaintiff. Because the evidence established no genuine dispute on this point, the trial court did not err in granting the motion for summary disposition.

Affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ William C. Whitbeck
/s/ E. Thomas Fitzgerald
/s/ Christopher M. Murray

---

[2] Plaintiff's only challenge to these two affidavits is the suggestion that defendant lied in her affidavit. Plaintiff observes that defendant's affidavit in the instant case indicates that defendant was contacted by Robert Henderson on May 19, 2011, yet her affidavit in the previous case indicated that defendant was contacted by Robert Henderson a month after she left plaintiff's employ (i.e., May 26, 2011). However, the affidavit in the previous case stated that defendant was contacted "*[a]pproximately* one month after" leaving plaintiff, while the affidavit in this case indicates that defendant was contacted 23 days after leaving plaintiff. The two affidavits are not inconsistent, as twenty-three days is fairly characterized as "approximately one month."