# STATE OF MICHIGAN

# COURT OF APPEALS

TALMER WEST BANK f/k/a MICHIGAN
COMMERCE BANK,

UNPUBLISHED
December 11, 2014

        Plaintiff,

v

Nos. 316678; 317420
Kalamazoo Circuit Court
LC No. 2012-000271-CK

TERRY L. STEWART, as Trustee of the TERRY
LYNN STEWART REVOCABLE TRUST,

        Defendant-Appellee,

and

TERRY L. STEWART, and TLS VENTURES
L.L.C.,

        Defendants,

and

ROBERT B. BORSOS,

        Defendant-Appellant.

Before: MARKEY, P.J., and SAWYER and OWENS, JJ.

PER CURIAM.

      In these consolidated appeals, defendant-appellant Robert Borsos appeals by right the June 7, 2013 order granting plaintiff Michigan Commerce Bank[1] a final judgment and the July 8, 2013 order granting plaintiff's motion for reconsideration regarding collection of the judgment in part. We affirm.

---

[1] Michigan Commerce Bank is now known as Talmer West Bank.

On December 14, 2007, and June 14, 2007, Stewbor Ventures, L.L.C. (Stewbor) borrowed a total of $2,275,000 from plaintiff. On December 14, 2007, Borsos and Terry Stewart, both individually and in his capacity as trustee of Terry Lynn Stewart Revocable Trust, signed commercial guaranties that guaranteed payment of the indebtedness Stewbor incurred to plaintiff. On June 14, 2007, TLS Ventures L.L.C. (TLS) signed a commercial guaranty that guaranteed payment of the indebtedness Stewbor incurred to plaintiff.

On January 27, 2012, Stewbor filed Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Western District of Michigan. On February 10, 2012, Stewbor filed its reorganization plan that bifurcated Stewbor's indebtedness to plaintiff into $1,643,000 in secured debt and $614,192.40 in unsecured debt. The reorganization plan provided that Stewbor would repay the secured portion of its debt to plaintiff but that Stewbor would no longer be liable for the unsecured debt. On March 29, 2012, plaintiff approved the reorganization plan, and on May 24, 2012, the Bankruptcy Court entered an order confirming the reorganization plan.

On May 17, 2012, plaintiff filed its complaint against Borsos, Terry Stewart, both individually and in his capacity as trustee of Terry Lynn Stewart Revocable Trust, and TLS. Plaintiff argued that pursuant to the commercial guaranties, defendants, as guarantors, were liable to it for the full amount of Stewbor's debt.

On October 3, 2012, plaintiff moved the trial court for summary disposition pursuant to MCR 2.116(C)(10). Plaintiff argued that, under the language of the reorganization plan, the entry of the reorganization plan did not discharge defendants' liabilities as guarantors in this case. Plaintiff further argued that under the language of each defendant's commercial guaranty, each defendant was liable for the full amount of Stewbor's indebtedness to plaintiff.

On March 8, 2013, the trial court entered an order granting plaintiff's motion for summary disposition, and on June 7, 2013, entered a final judgment of $2,242,338.87 against defendants.

On appeal, Borsos[2] argues that the trial court erred in granting plaintiff summary disposition because plaintiff consented to the reorganization plan, and the plan barred plaintiff from pursuing this action against defendants as guarantors. The grant or denial of summary disposition under MCR 2.116(C)(10) is reviewed de novo to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Also, to the extent this issue requires the interpretation of the reorganization plan, we review de novo questions involving the proper interpretation of a contract. *Alpha Capital Mgt, Inc v Rentenbach*, 287 Mich App 589, 611; 792 NW2d 344 (2010).

---

[2] Initially, all four defendants appealed the trial court's judgments. On March 7, 2014, plaintiff assigned its interest in the judgments against defendants to Stewart as Trustee of Terry Lynn Stewart Revocable Trust. This Court subsequently dismissed Stewart's appeals, both individually and in his capacity as Trustee of Terry Lynn Stewart Revocable Trust, and TLS's appeal. We also substituted Stewart as Trustee of Terry Lynn Stewart Revocable Trust for plaintiff as the appellee in this case.

Under MCR 2.116(C)(10), summary disposition of all or part of a claim or defense may be granted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A court reviewing such a motion "must determine whether there exists a genuine issue of material fact on which reasonable minds could differ or whether the moving party is entitled to judgment as a matter of law." *Gibson v Neelis*, 227 Mich App 187, 190; 575 NW2d 313 (1997).

In this case, it is undisputed that on December 14, 2007 and June 14, 2007, defendants signed commercial guaranties that guaranteed payment of the debt Stewbor incurred to plaintiff. The issue is whether the reorganization plan affected defendants' obligations under the guaranties.

Generally, "[t]he discharge of a debtor in bankruptcy does not discharge the obligations of guarantors." *Mich Nat'l Bank v Laskowski*, 228 Mich App 710, 712; 580 NW2d 8 (1998). Under the Bankruptcy Code, a "'discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." *Id.*, quoting 11 USC 524(e). Thus, because it can affect only the relationship between debtors and their creditors, "[t]he bankruptcy court cannot affect the obligations of guarantors." *Laskowski*, 228 Mich App at 712-713. A guaranty, however, may be discharged in bankruptcy where the discharge of a guaranty is "accepted and confirmed as an integral part of reorganization." *Id.* at 713.

In this case, the reorganization plan only refers to defendants' guaranties in two places. Section 6.2(C) of the reorganization plan provides that "[n]othing in this Plan, however, shall be construed to limit [plaintiff's] right to pursue collection of the unsecured claim from any guarantor." Article 24 of. The conclusion of the reorganization plan in article 24, states that "[u]nsecured creditors other than [plaintiff] and Insiders shall be paid 100%. [Plaintiff] will be paid its secured claim in the amount of $1,643,000.00 with no payment on its remaining unsecured claim. The rights of [plaintiff] as to any guarantor of its debt are preserved." Accordingly, nothing in the plain and ordinary language of the reorganization plan indicates that defendants' guaranties were discharged or that such a discharge would be integral to the plan. Thus, the bankruptcy reorganization plan in this case did not discharge any guarantee. *Laskowski*, 228 Mich App at 713.

Because the reorganization plan did not affect the obligations of defendants as guarantors and there was no genuine issue as to any material fact regarding the existence and operation of those guaranties, plaintiff was entitled to summary disposition pursuant to MCR 2.116(C)(10). *Gibson*, 227 Mich App at 190. The trial court did not err in granting plaintiff's motion for summary disposition.

We affirm. As the prevailing party Defendant-appellee may tax costs pursuant to MCR 7.219.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Donald S. Owens