690 N.W.2d 93 (2004)
471 Mich. 940
FARM BUREAU MUTUAL INSURANCE COMPANY OF MICHIGAN, Plaintiff-Appellant,
v.
Michele D. BUCKALLEW, Personal Representative of the Estates of Thomas A. Brouwer and Charlotte A. Brouwer, Defendant-Appellee.
Docket No. 126340. COA No. 243673.
Supreme Court of Michigan.
December 28, 2004.
On order of the Court, the application for leave to appeal the May 25, 2004 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals, and AFFIRM the judgment of the Kalamazoo Circuit Court for the reasons stated in this order. The parties agreed to settle defendant's wrongful death action for $300,000. After defendant dismissed the action, plaintiff refused to pay the agreed settlement amount because it exceeded its no-fault policy limit for the underlying accident, a fact that neither party realized when they settled. The parties' settlement and dismissal of the earlier action took the place of a court judgment, and for purposes of this case was tantamount to a judgment. As such, plaintiff must seek relief under the principles set forth in MCR 2.612, governing relief from judgment. But the facts of this case do not warrant such relief. Plaintiff's mistake in understanding its own policy is not a mistake or excusable neglect that can be a basis for relief under MCR 2.612(C)(1)(a). Plaintiff had access to all the necessary information, and its error is not excused *94 by its own carelessness or lack of due diligence. See 3 Longhofer, Michigan Court Rules Annotated (5th ed.), p. 507; Lark v. The Detroit Edison Co., 99 Mich.App. 280, 283, 297 N.W.2d 653 (1980), lv. den. 410 Mich. 906 (1981).
MARILYN J. KELLY, J., dissents and states as follows:
I would deny leave to appeal. I agree with the Court of Appeals analysis and see no reason to disturb its opinion.